UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH AVERY PATTON, #334777,

        Petitioner,

v.

CASE NO. 2:10-CV-11659
HONORABLE GERALD E. ROSEN

HUGH WOLFENBARGER,

        Respondent.
                                          /

**OPINION AND ORDER DISMISSING WITHOUT PREJUDICE THE HABEAS PETITION, DENYING REQUEST FOR A STAY, AND DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

Michigan prisoner Joseph Avery Patton ("Petitioner"), has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging an embezzlement conviction which was imposed following a plea in the Oakland County Circuit Court. Petitioner was sentenced to 23 months to 10 years imprisonment in 2007. Petitioner has also filed a request for stay and abeyance pending the complete exhaustion of his state remedies. Petitioner states that he has a motion for reconsideration pending in the Michigan Supreme Court concerning the direct appeal of his conviction.

**II.    Analysis**

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking

1

one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy the exhaustion requirement, the claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner has not met his burden of showing exhaustion of state court remedies. Petitioner admits that he has a motion for reconsideration pending in the Michigan Supreme Court concerning the subject matter of this petition. Petitioner was not obligated to seek reconsideration in the Michigan Supreme Court in order to satisfy the exhaustion requirement. *See, e.g., Tuggle v. Seabold*, 806 F.2d 87, 91 (6th Cir. 1986) ("Once an issue of asserted constitutional violation has been presented to the State's highest court, the doctrine of exhaustion of remedies does not require future repetitive presentations . . . through a variety of successive motions."). However, now that he "has availed himself of that remedy, he will not have satisfied the exhaustion requirement until the Michigan Supreme Court [rules upon] his motion for reconsideration." *Puertas v. Overton*, 272 F. Supp. 2d 621, 627 (E.D. Mich. 2003) (citing *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003) (stating that habeas petitioner's "direct review" concluded when the Michigan Supreme Court refused to reconsider its decision denying leave to appeal)). Petitioner must complete the state court

process before seeking relief in this Court. His petition is premature.

Petitioner has requested a stay seeking to hold this case in abeyance pending the Michigan Supreme Court's ruling on his motion for reconsideration. A stay, however, is unnecessary and inappropriate given that Petitioner has not yet concluded his state court direct appeal. Moreover, the one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), does not pose a concern as the one-year period does not commence until the conclusion of direct review. Petitioner has sufficient time to complete the state court process before seeking federal habeas relief. A stay is unwarranted.

## III.     Conclusion

For the reasons stated, this Court concludes that Petitioner has not completed direct review of his conviction in the state courts and fully exhausted his state remedies. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus and **DENIES** the request for a stay. The Court makes no determination as to the merits of Petitioner's claims.

Before Petitioner may appeal this Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability is warranted only when "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Having considered the matter, the Court concludes that reasonable jurists could not debate whether the Court

was correct in its procedural ruling.  Accordingly, the Court **DENIES** a certificate of appealability.

The Court also **DENIES** leave to proceed *in forma pauperis* on appeal as any appeal would be frivolous and cannot be taken in good faith.  *See* Fed. R. App. P. 24(a).  This case is closed.

    **IT IS SO ORDERED**.


    s/Gerald E. Rosen
    Chief Judge, United States District Court

Dated:  May 10, 2010

I hereby certify that a copy of the foregoing document was served upon Joseph Avery Patton, 441 Lexington Drive, Vallejo, CA 94591 on May 10, 2010, by ordinary mail.

    s/Ruth A. Gunther
    Case Manager